MARYELLEN RICE, APPELLANT, v. RODERICK J. NEISIUS, APPELLEE.

71 N. W. 2d 116

Filed June 24, 1955. No. 33698.

618

 

*Lyle Q. Hills* and *Edward J. Baburek*, for appellant.

*Gross, Welch, Vinardi & Kauffman* and *Clancy L. Hollister*, for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

CARTER, J.

This is an action to recover damages for personal injuries by a guest against the owner of an automobile who was riding in the rear seat at the time an accident occurred. The trial court directed a verdict for the defendant and the plaintiff appeals.

On December 29, 1952, the defendant, a resident of Pierz, Minnesota, was visiting in Omaha, Nebraska. He was the owner of a Plymouth automobile which was involved in an accident on that day. The circumstances were substantially as follows: Defendant was visiting the plaintiff while in Omaha. Plaintiff lived with Mr. and Mrs. Roy Canterbury. On the evening of December 28, 1952, plaintiff, defendant, and Mr. and Mrs. Roy Canterbury went from Omaha to Council Bluffs, Iowa, for dinner at the Riviera Club. On the trip to Council Bluffs, Roy Canterbury drove defendant's automobile, the latter riding in the back seat with the plaintiff. They remained at the Riviera Club until about 3 a. m., on the morning of December 29, 1952, when they left for home. The evidence shows that Ralph Kerr drove his car onto the highway just ahead of defendant's car which was being driven by Roy Canterbury. Mrs. Canterbury rode in the front seat with her husband and the plaintiff and defendant occupied the back seat. It was about 3 miles from the Riviera Club to the east end of the South

Omaha bridge over the Missouri River. While traveling these 3 miles the evidence shows that Canterbury drove defendant's car at a speed of 80 miles an hour. The evidence indicates that Canterbury was racing with Kerr as the car driven by Canterbury came along side the Kerr car but did not pass it. The roads on the Iowa side of the river were dry. There was ice and packed snow on the west 200 feet of the bridge.

Somewhere near the center of the bridge Canterbury passed the Kerr automobile. Kerr says he was traveling 45 miles an hour when defendant's car passed him at a rate of speed he estimated at 55 miles an hour. Kerr says that he saw the brake lights come on as the Neisius car driven by Canterbury came to the icy part of the bridge about 200 feet east of the west end. The car skidded to the right, struck an abutment where a toll house formerly set, spun around, hit the curb on the north side of the bridge, and upset. Mr. and Mrs. Canterbury were killed in the accident and plaintiff and defendant suffered injuries.

There is evidence in the record that plaintiff complained to Roy Canterbury two or three times about the speed at which he was driving. Defendant also asked Canterbury to take it easy and not drive so fast. The bridge was posted and showed a speed limit of 25 miles an hour.

It is contended by the plaintiff that Canterbury was guilty of gross negligence and that such gross negligence was imputed to the defendant, the owner of the car.

The plaintiff was a guest being transported in defendant's automobile at the time of the accident. It was being driven by Roy Canterbury with the consent of the defendant who was riding in the back seat. In order to recover damages for injuries sustained while riding in the host's automobile, a guest must establish by a preponderance of the evidence the gross negligence of the host which is relied upon, and that such gross negligence so established was the proximate cause of the acci-

dent resulting in the damages sought. Ottersberg v. Holz, 159 Neb. 239, 66 N. W. 2d 571; Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593. We will first determine if the trial court correctly sustained the motion of the defendant for a directed verdict in his favor on the ground that the evidence was insufficient to sustain a finding of gross negligence on the part of Roy Canterbury, the driver of the automobile. The plaintiff is entitled to have the evidence and all reasonable inferences deducible therefrom considered most favorably to her. Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184.

There is little conflict in the evidence. The automobile was driven from Omaha to Council Bluffs by Roy Canterbury. They returned to Omaha by the same route traveled when they went from Omaha to Council Bluffs. Roy Canterbury continued to drive the car with the consent of the defendant. The evidence shows that Canterbury drove the car at a speed of 80 miles per hour between the Riviera Club and the east end of the bridge. He passed the Kerr car on the bridge at a speed of approximately 55 miles per hour. When he came to the icy portion of the highway he applied his brakes, as evidenced by his brake lights going on. The car skidded and struck the abutment formerly occupied by a toll house and went out of control. It was evidence of negligence to drive at a speed of 55 miles an hour across the bridge, but it was not of itself gross negligence. It is clear that the automobile went out of control when it entered upon the icy portion of the bridge. There was a loss of control of the car and a failure to observe the icy condition of the west end of the bridge, and if there had been no failure in these respects, there would not have been an accident. But such failures under the circumstances shown are not sufficient upon which to base a conclusion that the evidence was sufficient to submit the issue of gross negligence to the jury. There is evidence that both plaintiff and defendant com-

plained to Canterbury about the speed he was driving before he came to the bridge. But Canterbury evidently reduced his speed when he came onto the bridge, from 80 to 55 miles an hour. The speed of 80 miles an hour before entering upon the bridge was not a contributing factor to the accident. Plaintiff did say that she complained once and possibly twice about the speed of the car on the bridge. There is no evidence of any negligent conduct on the part of Canterbury other than the excessive speed. The accident was clearly caused by the icy condition of the highway where it occurred. The road was dry and free from ice on the Iowa side of the bridge. Canterbury either failed to remember about the ice or misjudged its distance from the end of the bridge. The defendant was riding in the back seat and the evidence does not disclose that he failed to perform any duty required of him under the facts of the case.

Gross negligence is defined as great or excessive negligence; that is, negligence of a very high degree. It indicates the absence of slight care in the performance of a duty. Proof of negligence is insufficient to hold an owner or operator of an automobile liable for injuries sustained by a guest unless it is of that nature which is called gross negligence. There is no evidence in the present case that Canterbury was heedless of the safety of those riding with him or that he was guilty of negligence of a very high degree, or that his conduct indicated the absence of slight care.

In determining if gross negligence has been sufficiently established, each case must be determined upon its own facts and circumstances. No two cases are exactly alike. We find none so similiar on its facts within our guest statute as to control the result in the present case. We think a consideration of the following cases sustains our conclusion that the evidence was insufficient to warrant the trial court in submitting the issue of gross negligence to the jury: Born v. Estate of Matzner, *supra;* Lusk v. County of York, 158 Neb. 662, 64 N. W. 2d 338;

Cronin v. Swett, 157 Neb. 662, 61 N. W. 2d 219; Cunning v. Knott, 157 Neb. 170, 59 N. W. 2d 180; Paxton v. Nichols, *supra*.

The question is raised as to whether or not the negligence of Roy Canterbury is imputable to the defendant. In view of our holding that the evidence is insufficient to submit to a jury the question of gross negligence it is unnecessary to decide this question.

The judgment of the trial court is in all respects correct and it is affirmed.

AFFIRMED.