CHARLES KISER, APPELLANT, V. CLAYTON CHRISTENSEN,
APPELLEE.
78 N. W. 2d 823

Filed October 19, 1956.    No. 33937.

*Luebs & Elson,* for appellant.

*John E. Dougherty,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for injuries sustained by the plaintiff while riding in defendant's automobile as a guest. The trial court directed a verdict for the defendant at the close of plaintiff's evidence, and the plaintiff has appealed.

The accident occurred on January 26, 1953, in Grand Island, Nebraska, at the point where Greenwich Street crosses the railroad tracks of the Union Pacific Railroad. The accident happened after dark at about 8 p. m. The road was graveled and described as wet. There are six railroad tracks at the point of the accident. The collision between defendant's pickup truck and the railroad engine occurred on the east-bound main-line track, the fifth track from the north, the direction from which the defendant approached the tracks. The headlight on the engine was burning and there is no contention that the truck lights were not on. There are buildings on each side of Greenwich Street north of the railroad tracks, but there is no contention that they obstructed the view of plaintiff and defendant as they approached the crossing. There were no cars on the switch and passing tracks blocking the view from the west, the direction from which the train came.

The evidence shows that plaintiff and defendant were farmers living near St. Paul. They lived in the same community and were good friends. At the times herein mentioned both were working at the Ordnance Plant near Grand Island. They took turns driving to and from work. On the day of the accident defendant drove

his pickup truck and plaintiff rode with him as his guest. They finished work at 4 p. m. They left the Ordnance Plant and went to Grand Island, where they drank three or four beers and then went to the sale barn where defendant purchased and arranged for the delivery of three head of cattle. They went to a grocery store and made some purchases, after which they were going to a restaurant for their evening meal. They went to Greenwich Street and turned south. As they approached the Union Pacific tracks, at about 8 p. m., they were traveling from 20 to 25 miles an hour. The defendant was driving and plaintiff was riding with him in the front seat. When the pickup was about 8 feet from the first track, plaintiff saw the train approaching from the west and said to the defendant: "Christ sake, a freight coming, stop." The defendant said he saw the train at about the same time as the plaintiff. At this time they were about 80 feet from the east-bound main track. The train was 200 to 300 feet west of the crossing and traveling from 30 to 35 miles an hour. Plaintiff said they both became scared. Defendant said he applied his brakes, which were in good working order, although he has no recollection whether they took hold or not. When about 40 feet from the east-bound track, defendant attempted to turn east to avoid a collision. He struck the engine at about its center as he attempted to turn left and plaintiff suffered the injuries of which complaint is here made. Plaintiff testified that defendant failed to slow down upon receipt of the warning. Defendant said he saw the train too late to avoid the accident. He testified he saw the train first when he was on the first or second track. If he saw it when he was on the first track, he was about 70 feet from the point of the accident. If he saw it from the second track, he was about 35 feet from that point. Plaintiff testified that he did not complain about or warn the defendant about his driving at any time except the one instance herein recited.

A guest may not recover damages for personal injuries from his host except where the host is guilty of gross negligence. Gross negligence has been defined by this court as meaning great or excessive negligence, that is, negligence in a very high degree. It indicates the absence of slight care in the performance of a duty. The burden of proof rests upon the guest to establish gross negligence on the part of his host. It must be established by the facts and circumstances surrounding the particular case. When the trial court directs a verdict, the party against whom the motion for a directed verdict is directed is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. If there is evidence which will support a finding for a party having the burden of proof, the trial court may not disregard it and direct a verdict against him. A trial court may direct a verdict in a guest case only when the court can determine that the evidence fails to approach the degree of negligence recognized as gross under all the circumstances of the case. The foregoing rules have been announced by this court on numerous occasions. A citation of authorities in support of them would only serve the purpose of proving that which has long been established.

The evidence in this case shows that defendant was approaching the railroad tracks at a speed of 20 to 25 miles an hour. No complaint or warning concerning the speed at which the tracks were approached was made by the plaintiff. Plaintiff and defendant knew they were approaching the main tracks of the Union Pacific Railroad. It was evident to plaintiff that defendant did not intend to stop before proceeding across them, and he acquiesced in this method of operating the pickup truck. When plaintiff first saw the train when the pickup was 80 feet from the east-bound track, he shouted a warning. It appears, however, that the warning was too late to give the defendant a reasonable op-

portunity to avoid the accident. The plaintiff testified that he became scared when he saw the train, plain evidence of an emergent situation. Plaintiff stated that defendant also became scared, further evidence that danger was imminent when the warning was given. The language used in giving the warning clearly indicates that the parties were in a dangerous predicament at or before the time the warning was given. This court has held that a host who approaches a railroad track without looking is not guilty of gross negligence to his guest because of that fact alone. Bishop v. Schofield, 156 Neb. 830, 58 N. W. 2d 207. In the present case the operator of the pickup truck did look and see the train approaching. In this respect he was less negligent than the host in the Schofield case. But it is urged that as he did look for and see the train, he was guilty of gross negligence in not avoiding the accident. It is contended in the instant case that the warning given and the failure to avoid the collision raise the degree of negligence to that which is termed gross. We have no doubt that there may be cases when a warning given in ample time would induce such a result. But for a warning to accomplish this purpose, it must be made in time to afford the host a reasonable opportunity to avoid an accident. In the present case the guest had acquiesced in the speed of the car as it approached the railroad tracks. He may not wait until a state of emergency exists before giving a warning and then claim the host was guilty of gross negligence in the subsequent operation of the car unless it can be shown that the latter had a reasonable opportunity to avoid the accident. We do not think the evidence is sufficient to show gross negligence on the part of the host. The fact that the defendant became frightened, or "froze up" in the emergency, is something other than negligence of a high degree. It has been the rule in this state that where a driver of an automobile is suddenly confronted with an emergency requiring him to act quickly,

he is not necessarily negligent if he pursues a course which mature reflection or deliberate judgment might prove to be wrong. Riekes v. Schantz, 144 Neb. 150, 12 N. W. 2d 766. In a case somewhat similar in principle this court stated in effect that one who becomes frightened and bewildered at the near approach of an automobile while crossing a public street, and for that reason fails to avoid a collision, is not guilty of contributory negligence as a matter of law. Smith v. Coon, 89 Neb. 776, 132 N. W. 535. This court quoted with approval from Navailles v. Dielmann, 124 La. 421, 50 So. 449, in the foregoing case as follows: "The act of a pedestrian in running in front of an automobile as a result of terror, caused by discovering the automobile near him, is not voluntary, and it is not negligence." The rule is stated in 65 C. J. S., Negligence, § 123, p. 735, as follows: "In order to relieve a person from the consequences of his own acts on the ground that they were done suddenly and under impending danger, there must be either a real danger or the circumstances must be such as might create apprehension of danger in the mind of an ordinarily prudent person, and the appearance of danger must have been imminent, leaving no time for deliberation." It might be urged that this rule has no application here for the reason that the danger was of his own creation and that the controlling rules governing such cases could not be applied to him. We point out however that plaintiff acquiesced in defendant's driving up to the time the peril was discovered and, consequently, plaintiff is in no position to assert the rule of nonapplicability when his own contributory negligence helped bring it about. Under the facts shown, negligence on the part of defendant and contributory negligence on the part of the plaintiff might well have been submitted to a jury in a proper case. But the question before us is whether or not gross negligence on the part of defendant has been

shown by the evidence sufficient to present a jury question.

In determining if gross negligence has been sufficiently established, we must look to the facts and circumstances of each case that comes before us. No two cases are exactly alike. We find no case so similar on its facts as to control the result in the present case. The fact that the operator of the pickup truck in the present case may have been guilty of ordinary negligence is insufficient to warrant a recovery in favor of a guest. Under the facts of this case as we have analyzed them, and the rules announced in Eilts v. Bendt, 162 Neb. 538, 76 N. W. 2d 623; Rice v Neisius, 160 Neb. 617, 71 N. W. 2d 116; Ottersberg v. Holz, 159 Neb. 239, 66 N. W. 2d 571; Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593; Bishop v. Schofield, *supra;* and other authorities cited herein, we conclude that the evidence was insufficient to warrant the trial court in submitting the issue of gross negligence to the jury. The trial court therefore properly directed a verdict for the defendant.

AFFIRMED.