SUSAN TOTH, BY HER FATHER AND NEXT FRIEND, EMERY J. TOTH, APPELLANT, v. CHRIS ANN BACON ET AL., APPELLEES.
208 N. W. 2d 271

Filed June 8, 1973. No. 38829.

Lyle Q. Hills, for appellant.

Pilcher, Howard & Dustin and Harry B. Otis of Gaines, Spittler & Otis, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action for damages arising out of an automobile accident. The plaintiff, Susan Toth, was injured while riding in an automobile operated by the defendant, Cydney Beardmore, which collided with an automobile operated by the defendant, Chris Ann Bacon. At the close of the plaintiff's evidence the trial court dismissed the action as to both defendants. The plaintiff appeals.

The accident happened at the intersection of 84th Street and West Dodge Road in Omaha, Nebraska, at about 11:30 a.m., on October 21, 1970. The sun was shining and the streets were dry. West Dodge Road runs approximately east and west and is 42 feet wide. Eighty-fourth Street runs north and south and is 25 feet wide.

The Beardmore automobile, which was a 1971 Chevrolet Vega two-door sedan, approached the intersection from the west. The plaintiff was sitting in the center of the front seat between Cydney and another passenger identified as "Debbie." When the Beardmore automobile reached the intersection there was an automobile stopped on the east side of the intersection in the south lane for westbound traffic waiting to make a left turn onto 84th Street. The Bacon automobile, which was a 1971 two-door Pontiac, approached the intersection from the east in the north lane for westbound traffic.

The Beardmore automobile stopped in the north lane for eastbound traffic just west of the intersection. Her left turn signal was flashing, and Cydney intended to turn left onto 84th Street.

When the Bacon automobile was just east of the intersection, the Beardmore automobile proceeded into the intersection and commenced a left turn. The left front of the Bacon automobile struck the front of the Beardmore automobile. The impact occurred in the north lane for westbound traffic on West Dodge Road.

Cydney testified, by deposition, that Debbie and the

plaintiff screamed just before the impact and she did not see the Bacon automobile before the impact. The amended petition alleged Cydney was guilty of gross negligence in failing to keep a proper lookout and failing to heed the warning of the plaintiff and Debbie.

The plaintiff testified she did not see the Bacon automobile until after Cydney had started her left turn and the Bacon car was "coming right towards us." At that time the plaintiff and Debbie screamed, "Look out!" The warning from the plaintiff and Debbie came just before the impact and was of no assistance to Cydney in attempting to avoid the accident. A failure to heed a warning of imminent danger not made in time to afford the driver a reasonable opportunity to avoid the accident is not evidence of gross negligence. Kiser v. Christensen, 163 Neb. 155, 78 N. W. 2d 823.

Gross negligence within the meaning of the Motor Vehicle Guest Act means gross and excessive negligence or negligence in a very high degree; the absence of slight care in the performance of duty; an entire failure to exercise care; or the exercise of so slight a degree of care as to justify the belief there was an indifference to the safety of others. Brugh v. Peterson, 183 Neb. 190, 159 N. W. 2d 321, 29 A. L. R. 3d 236.

Cydney's failure to see the Bacon automobile until after she had turned in front of it was evidence of negligence but not gross negligence. Failure to maintain a proper lookout alone does not ordinarily constitute gross negligence. Brugh v. Peterson, *supra;* Callen v. Knopp, 180 Neb. 421, 143 N. W. 2d 266; Sandrock v. Taylor, 185 Neb. 106, 174 N. W. 2d 186; Pavlicek v. Cacak, 155 Neb. 454, 52 N. W. 2d 310.

Chris testified, by deposition, she was traveling 40 to 45 miles per hour as she approached the intersection; she did not reduce her speed until she applied her brakes just before the impact; she was about 1 car length away when she saw the Beardmore automobile in the intersection turning into the north lane for westbound

traffic; and she then applied her brakes and turned to the right.

The posted speed limit for West Dodge Road was 45 miles per hour. The circumstances did not make the speed of the Bacon automobile unreasonable, but the failure of Chris to reduce her speed as she approached the intersection might be considered to be evidence of negligence. § 39-7,108 (4), R. R. S. 1943. It is clear, however, the proximate cause of the accident was the left turn by Cydney in front of the Bacon automobile when it was but a car length away.

Where the negligence of the driver of the automobile in which the plaintiff is riding is the sole proximate cause of the accident, the plaintiff has no right of recovery as against a third person. Napier v. Pedersen, 175 Neb. 703, 123 N. W. 2d 577.

The action was properly dismissed as to both defendants. The judgment of the District Court is affirmed.

AFFIRMED.