EWEN M. BLACK, APPELLANT, v. ARTHUR NEILL, APPELLEE.

279 N. W. 471

FILED MAY 6, 1938. No. 30280.

*Everett C. Pilcher* and *R. B. Hasselquist,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before GOSS, C. J., ROSE, DAY, CARTER and MESSMORE, JJ., and LIGHTNER and SPEAR, District Judges.

SPEAR, District Judge.

Ewen M. Black was the plaintiff in the district court and is the appellant here. Arthur Neill was the defendant in the lower court and is now the appellee. At the close of plaintiff's testimony the district court dismissed plaintiff's case for the reason that the plaintiff's evidence did not show gross negligence on the part of the defendant. From this ruling of the district court, the plaintiff has appealed.

This case is governed by section 39-1129, Comp. St. Supp. 1937, which is commonly known as the "guest statute." This statute, in so far as applicable to the present case, in effect provides that the operator of a motor vehicle shall not be liable for any damage to any person riding in said motor vehicle as a guest and not for hire, unless such damage is caused by the gross negligence of the operator. The rules governing this case were laid down originally in *Morris v. Erskine,* 124 Neb. 754, 248 N. W. 96, and are as follows:

"We are of the opinion that in adopting the guest act the legislature used the term 'gross negligence' as indicating a degree of negligence. Negligence may be slight, ordinary, or gross. Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature.

"What amounts to gross negligence in any given case must depend upon the facts and circumstances. What would amount to gross negligence under certain circumstances might, under different circumstances, be even slight negligence. Ordinarily, the question of negligence, whether slight or gross, is one of fact. If the evidence respecting it is in conflict and is such that ordinary minds might draw different conclusions therefrom, then a question of fact is presented for the jury to determine."

These rules have been steadfastly adhered to in numerous decisions of this court, some of which are of very recent date. In the instant case this court is required to apply

the above rules to the facts brought out in the plaintiff's evidence, and these facts appear to be as follows:

At the time of the accident plaintiff was 72 years of age and his wife was 65. The defendant Neill is a traveling salesman and has driven a car for over 20 years. Plaintiff and defendant are neighbors, living in north Omaha. On the day in question, at about 10:00 a. m., plaintiff and his wife were leaving their home to go down-town on business. At the same time defendant was driving out in his automobile on his way down-town. He invited plaintiff and wife to ride with him and they accepted the invitation. Plaintiff seated himself in front with defendant, Mrs. Black seated herself in the back seat of the sedan, and they started down-town, driving south on Sixteenth street. For the purposes of this appeal the persons in the car are the only material witnesses. Their testimony coincides closely, but differs in some details. It is manifestly impossible for this court to point out all of these details, but we shall attempt to fairly state the evidence as it appears to us.

As the car approached Yates street, which is one block north of Grace street, there were many automobiles going each way; that is, north and south. There were eight or ten cars ahead of defendant's car, including a police cruiser car which was immediately ahead of defendant's car. There is a stop sign on Sixteenth street at the intersection of Grace street. Defendant had traveled this route before and knew of this sign. Mrs. Black says on direct examination that the eight or ten cars had been ahead of them for two or three blocks and that at Yates street the police car was about half a block ahead of them. On cross-examination she testifies that at Yates street it was four or five car-lengths ahead and that it had maintained that relative position for four or five blocks. Plaintiff could not qualify as a witness as to speed. His wife did, and says their speed was 35 miles an hour as they approached Grace street and that she does not think that defendant slowed down any until just before the accident. Defendant, who was called as a witness for plaintiff, says it was 20 miles an hour.

A great deal of dispute arose at the trial as to whether the speed limit at Grace street was governed by the ordinance relating to business districts or by that relating to residence districts. We have examined the ordinances and find them impossible of exact determination. However, we do not think it makes any difference under the facts in this case.

As the defendant was driving south between Yates and Grace streets he turned his head to the left and pointed out a tree which had blown down upon a porch. He forgot about the stop sign at Grace street. The police car stopped at the stop sign, and when defendant looked ahead again it was necessary for him to apply his brakes suddenly to avoid a collision. The brakes took hold with such force that the car stopped very quickly, throwing plaintiff into the windshield of defendant's car and throwing Mrs. Black onto the floor in the back of the car. Plaintiff was seriously injured. It was conceded by plaintiff during the argument in this court that, while defendant's car did come in contact with the police car, the contact was only slight, and that plaintiff's injuries occurred from the sudden application of the brakes and not from the force of the contact. Plaintiff says that they were between Yates and Grace streets when defendant turned his head to the east to look at the tree, and that he did not look south again until close to the police car. It is impossible to tell from his testimony just how far it was. Mrs. Black testifies that defendant turned his head east at a point about 100 feet north of Grace street and motioned toward the tree with his hand. She contends that he did not turn his face south until his automobile was within 20 feet of the back of the police car. The defendant says he glanced at the tree and at that time the police car was two car-lengths ahead; that the police car was about a car-length ahead of him when he applied his brakes; and that he only traveled a car-length while looking at the tree.

Mrs. Black testified that in the vicinity of Yates street they were about half a block behind the police car. On

cross-examination she said that they had been traveling about four or five car-lengths behind the police car all of the time they were on Sixteenth street. We think it fair to say the evidence shows that the defendant was driving at about the same rate of speed that all of the cars were driving along Sixteenth street, and that there was no gross negligence on the part of defendant in so far as speed alone is concerned. This view makes it immaterial which speed ordinance governed. Although there is conflict in the evidence as to speed, this court will assume that the testimony most favorable to plaintiff, 35 miles an hour, is correct.

Plaintiff offered to prove that after the accident one of the police officers asked defendant if he did not see the stop sign, and that defendant replied that he had not. Defendant objected and the court sustained his objections. Plaintiff contends that this is error, upon the ground that it is an admission against interest. We think that perhaps this should have been admitted as bearing upon the general question of defendant's negligence in looking aside, although it is immaterial here, because it is established that defendant knew that the stop sign was there, whether he saw it or not.

Having determined that defendant's speed was not in itself excessive, we must now decide as to whether the turning of his head by defendant constituted gross negligence when done in conjunction with the speed with which he was driving, as related to the surrounding conditions. There is a dispute in the testimony as to whether or not on the way down-town defendant told the others that he would point the tree out to them. We do not think this is material, because Mr. and Mrs. Black did not know what the conditions were to be at the place of accident and therefore could not anticipate any negligence.

This court has decided so many cases involving the statute under consideration here that it is impossible to discuss them all in this opinion. In *Lemon v. Hoffmark*, 132 Neb. 421, 272 N. W. 214, this court stated:

"Counsel for appellant have analyzed for the benefit of

the court all of the Nebraska decisions involving an interpretation of the guest act. Most of these indicate excessive speed or a continuous course of negligent conduct on the part of the driver or protests made by persons riding in the car to the driver about the manner of his driving."

"It is true that it is not necessary, in order to show gross negligence, to prove several acts of negligence; that is, a continuous course of negligent conduct, * * * or protests on the part of the guest to the driver at and prior to the time of the accident.

"It is also true that gross negligence may consist, in some cases, in turning the head or taking the eyes off the road, but all the conditions and circumstances in existence at the time of the commission of the alleged grossly negligent acts are to be taken into consideration."

Resolving every doubt, both as to facts and in the rulings upon the evidence, in favor of the plaintiff, we are of the opinion that plaintiff has not proved a case of gross negligence.

AFFIRMED.