ROBERT R. JOHNSON, AS ADMINISTRATOR OF THE ESTATE OF WILLIAM PARENTI, DECEASED, APPELLEE, V. CECIL A. JASTRAM, APPELLANT.

52 N. W. 2d 245

Filed February 29, 1952. No. 33082.

*George B. Boland* and *Clarence E. Haley,* for appellant.

*H. D. Addison* and *Philip H. Robinson,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Robert R. Johnson, administrator of the estate of William Parenti, deceased, plaintiff, against Cecil A. Jastram, defendant, for damages for the claimed wrongful death of the said William Parenti.

The action was tried to a jury. At the close of plaintiff's evidence the defendant moved in the alternative for a directed verdict or for dismissal of plaintiff's cause of action on the ground that the evidence did not sustain a right of recovery. This motion was overruled. Again at the close of all of the evidence the defendant made a like motion for the same purpose. This motion was likewise overruled, whereupon the issues were submitted to a jury.

The jury returned a verdict in favor of plaintiff for $7,500. Thereafter timely motions were filed for judgment notwithstanding the verdict and for a new trial. These motions were overruled. From the judgment and the orders overruling the motions for judgment notwithstanding the verdict and for a new trial the defendant has appealed.

There is no materially substantial dispute in the evidence in the case or the legal theory on which it comes to this court.

The theory on which the petition is drawn is that on June 22, 1950, plaintiff's decedent was a guest passenger, within the meaning of section 39-740, R. S. 1943, in an automobile owned and operated by the defendant and that while he was such guest the defendant was guilty of gross negligence in the operation of the said automobile also within the meaning of section 39-740, R. S. 1943, which resulted in the death of plaintiff's decedent.

In the district court the defendant defended the action on the ground that the evidence was insufficient upon which to base a verdict that he was guilty of gross negligence and further that within the meaning of law plaintiff's decedent was not a guest but was engaged upon a joint enterprise with defendant and hence there could be no liability. In his brief he has not presented this latter theory. The case therefore will be determined upon the question of whether or not the evidence was sufficient to sustain the effectual finding of the verdict that the defendant was guilty of gross negligence.

In determining whether or not the evidence was sufficient to present a question of gross negligence to a jury under the statute certain principles are to be borne in mind. These principles are tersely stated in Komma v. Kreifels, 144 Neb. 745, 14 N. W. 2d 591. The statements are in conformity with numerous pronouncements of this court contained in cases cited in the annotations to section 39-740, R. S. 1943. They are:

Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It indicates the absence of even slight care in the performance of a duty.

What amounts to gross negligence in any given case must depend upon the facts and circumstances. What would amount to gross negligence under certain circumstances might, under different circumstances, be even slight negligence.

Ordinarily, the question of negligence, whether slight or gross, is one of fact. If the evidence respecting it is in conflict and is such that ordinary minds might draw different conclusions therefrom, then a question of fact is presented for the jury to determine.

In an action for gross negligence under the automobile guest statute where there is adequate proof of negligence, a verdict should be directed for defendant only where the court can clearly say that it fails to approach

the level of negligence in a very high degree under the circumstances.

The substantial facts to which these principles have application are that plaintiff's decedent and the defendant were, on June 22, 1950, and for some time prior thereto had been, insurance agents or salesmen employed by the same insurance company. As such for a part of the time they combined their efforts and worked together in the solicitation of prospects, the procurement of insurance contracts, and the collection of premiums. The income from this business was equally divided between the two. Each of the two had an automobile both of which were used from time to time. When the automobile of one was used that one would furnish gas and oil and the other would pay for meals and other incidentals while they were working. Plaintiff's decedent had a Packard and defendant a Ford.

On June 22, 1950, near 3 p. m. in pursuance of the described custom the two left Hartington, Nebraska, in the Ford with the defendant driving, to call on a customer. Plaintiff's decedent was sitting to the right of defendant in the front seat. They proceeded southward out of Hartington on a black-top highway which highway was in excellent condition. The speed at the time of the incidents complained of was estimated at from 50 to 55 miles an hour. The day was clear, warm, and windy. About two miles south of Hartington at about 3:10 p. m. the right front of the automobile came into collision with the north end of the west abutment of a bridge. In consequence of this the automobile was thrown about and plaintiff's decedent was killed.

The evidence as to the cause was that plaintiff's decedent remarked to defendant that a wasp or yellow jacket had come into the automobile and stung him, whereupon he slapped it or at it and that it was on the defendant. Thereupon the defendant removed his right hand from the steering wheel and his eyes from the road and slapped at the insect. These happenings it

is clearly inferable were instantaneous. In that instant the right wheels of the automobile left the paving to the right thereof about 50 feet north of the bridge and so continued until the collision took place. The defendant looked up and saw the bridge before the collision but too late either to turn aside or stop before striking the abutment.

This we think is a fair résumé of the evidence upon which the plaintiff bases his claim that the defendant was guilty of gross negligence. There are four specifications of gross negligence in the petition upon which the case was submitted to the jury. One is excessive speed. There is no evidence to sustain it. The speed was well within the maximum provided by statute and there is no evidence of circumstances up to the time defendant's attention was distracted from his driving indicating any unsafety in the rate at which he was driving.

The other three are that he failed to steer and operate the automobile so as to have it under proper control; that he failed to keep a proper lookout; and that he failed to keep his automobile on the hard surface of the highway.

It is true that there was a loss of control, a failure of proper lookout, and a leaving of the hard surface of the highway, and that if there had been no failure in these respects there would have been no accident. These failures however are not sufficient upon which to base a conclusion that there was evidence upon which to submit the issue of gross negligence to a jury.

These failures were set in motion by the distracting remarks and actions of plaintiff's decedent.

This court has repeatedly held that momentary inattention such as is described in the evidence in this case does not amount to gross negligence. This is true even where the inattention is purely voluntary and is in nowise induced or contributed to by a distracting influence.

The case of Black v. Neill, 134 Neb. 764, 279 N. W. 471,

is one where the driver of an automobile turned his head to direct attention to a tree which had been blown down onto a porch after which to avoid striking a preceding automobile he suddenly applied his brakes which caused the plaintiff guest to be thrown into the windshield. This court said as a matter of law that this was not evidence of gross negligence.

Lemon v. Hoffmark, 132 Neb. 421, 272 N. W. 214, is a case where the driver of an automobile was handed something to eat, whereupon she turned her head in consequence of which an accident occurred. This court held as a matter of law that this was not gross negligence.

Gohlinghorst v. Ruess, 146 Neb. 470, 20 N. W. 2d 381, is one where the driver of an automobile took her attention from her driving and was looking over some cookies which had been placed on the front seat. This court said this was not evidence of gross negligence.

Therefore unless this court is prepared to depart from its previous holdings and decisions in cases bearing comparable analogies to the facts in this case it becomes necessary to say as a matter of law that the evidence in this case was not sufficient upon which to submit the question of gross negligence within the meaning of the guest statute to a jury. We are not prepared to so depart.

It follows that the court erred in overruling the motions in the alternative for a directed verdict or for a dismissal of plaintiff's petition and the motion for judgment notwithstanding the verdict.

The judgment of the district court is reversed and the cause remanded with directions to render judgment in favor of the defendant and against the plaintiff notwithstanding the verdict of the jury in favor of the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.