MARY W. PAVLICEK, ADMINISTRATRIX OF THE ESTATE OF JOHN L. PAVLICEK, DECEASED, APPELLEE, v. STANLEY J. CACAK, APPELLANT, JAMES E. HOLMES, APPELLEE.

52 N. W. 2d 310

Filed March 7, 1952. No. 33090.

*Neighbors & Danielson,* for appellant.

*Hans J. Holtorf, Kirkpatrick & Dougherty,* and *Atkins, Lyman & Ferguson,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Mary W. Pavlicek, as administratrix of the estate of John L. Pavlicek, deceased, brought this action in the district court for Scotts Bluff County against Stanley J. Cacak and James E. Holmes. The purpose of the action is to recover damages arising from the wrongful death of John L. Pavlicek. The basis for the recovery is that John L. Pavlicek's death was caused by an automobile collision between defendants' cars which collision plaintiff alleges was caused by the concurrent negligent conduct of both. Plaintiff recovered a verdict for $10,353.10 against both defendants. Thereafter defendant Cacak filed a motion for judgment notwithstanding

the verdict or for a new trial. This alternative motion was overruled and judgment was entered on the verdict. Thereupon defendant Cacak appealed.

John L. Pavlicek was at the time of the accident riding as a guest in the car of appellant. In view thereof the burden was on appellee, in order to recover, to establish, by a preponderance of the evidence, that appellant was guilty of gross negligence in the driving of his car. It was not enough for her to establish that appellant, in operating his car, may have been guilty of ordinary negligence. Appellant's liability was submitted to the jury on the basis of whether or not he was guilty of gross negligence. The only question appellant raises by his appeal is, does the evidence adduced at the trial establish a factual situation which will sustain the jury's finding that he was guilty of gross negligence?

It should here be stated that appellant made proper motions for a directed verdict at the close of appellee's evidence and again at the close of all the evidence, which motions the trial court overruled.

The principles here applicable have been stated by this court as follows:

"If a motion for directed verdict made at the close of the evidence in a case should have been sustained for want of evidence to support a verdict in favor of the party against whom made, it is the duty of the court on motion for judgment notwithstanding the verdict timely made to sustain such motion to set aside the verdict and to render judgment pursuant to the motion for directed verdict." Hamilton v. Omaha & C. B. St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139.

"In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." Smith v. Platte Valley Public Power and Irrigation Dist., 151 Neb. 49, 36 N. W. 2d 478.

"Gross negligence, within the meaning of section 39-1129, Comp. St. Supp. 1941 (now section 39-740, R. S. 1943), means negligence in a very high degree, or the absence of even slight care ' in · the 'performance of . a duty."  Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041.

"In an action for gross negligence under the automobile guest statute (Comp. St. Supp. 1939, sec. 39-1129), where there is adequate proof of negligence, a verdict should be directed for defendant only where the court can clearly say that it fails to approach the level of negligence in a very high degree under the circumstances.  In all other cases, it must be left to the jury to determine whether it amounts to gross negligence or to mere ordinary negligence."  Thompson v. Edler, 138 Neb. 179, 292 N. W. 236.

"The question of the existence of gross negligence must be determined from the facts and circumstances in each case."  Landrum v. Roddy, *supra*.

The accident, as a result of which Pavlicek died on July 23, 1950, happened shortly after 4:25 a. m., on July 19, 1950, at an intersection located three miles north of Minatare, Nebraska.  Decedent and his family, consisting of his wife, a son, and a daughter, lived at Fairbury, Nebraska.  He and his family had come to Alliance, Nebraska, where appellant lived, on July 18, 1950, to visit appellant, decedent's nephew.  That evening decedent and appellant made · plans to go fishing the next day in Lake Minatare which is located a few miles north of Minatare.  They left Alliance for that purpose the next morning just at daybreak, which was shortly after 3 a. m.  They drove to Minatare, some 45 miles distance, and then turned north from Minatare to go to the lake.  Appellant was driving his car, a 1937 Pontiac coach, and decedent was riding as his guest.  The road they were traveling on north of Minatare was a maintained dirt-gravel road, the improved part of which was about 26 feet in width.  The east-

west road at the intersection was of about the same character only the improved part was about 23½ feet in width. There were no stop signs at the intersection. It was daylight at the time of the accident, the weather was clear, and the road surface was dry and fairly smooth. Appellant had only been over this road once before. That was in April 1950 when he was a guest in the car of another.

There is very little dispute in regard to the principal facts herein involved. In its most favorable light for appellee, the evidence can be said to establish: That appellant was driving north on this highway at 50 miles an hour; that his brakes and tires were in good condition; that north of Minatare there had been no traffic on the road; that decedent made no protest, as to appellant's driving; that as appellant approached the place of the accident he realized he was coming to an intersection; that somewhere between 300 and 500 feet south thereof he attempted to look to the east to see if any cars were approaching but saw no cars and realized his view in that direction was obstructed by trees and farm buildings located there; that he observed the slow sign located some 225 feet south of the intersection on the right-hand side of the highway but did not slow up; that he did not again look to the east until he was 40 feet south of the intersection where he could see past the trees to the east, which trees came right up to the fence corner; that he then observed a car approaching the intersection from the east at about the same distance therefrom that he was to the south; that he was traveling on the right side of the traveled portion of the road but near the center thereof; that he was unable to apply his brakes after he saw the car; that he attempted to turn to the left; that he entered the intersection at about 50 miles an hour; that the two cars met in the intersection; that the car coming from the east was a 1942 Ford coach owned by defendant James E. Holmes, who was driving it; that the front of appellant's car,

toward the right side thereof, struck the left side of Holmes' car near the front; that both cars turned over and lay on their right sides on the west side of the north-south road; that appellant's car was in the northwest part of the intersection; that the Holmes car lay some 25 to 30 feet north thereof; that both cars were facing mostly to the south but slightly east; and that the appellant's car lay across the lower part of decedent's body.

From these facts the jury could have found appellant guilty of ordinary negligence in several respects, including that of violating certain statutory regulations relating to travel on the public roads. We have held that a series of acts of ordinary negligence may, under certain circumstances, operate to produce gross negligence but not necessarily so.

After a careful study of the facts, we have reached the conclusion that under the guest statute the appellee did not prove facts sufficient to support a finding of gross negligence and that the motion of appellant for a judgment notwithstanding the verdict should have been sustained. It is therefore ordered that the judgment of the district court as to Stanley J. Cacak be reversed and set aside, and the trial court is directed to enter judgment for said appellant, and to dismiss appellee's action as to him.

REVERSED AND ORDERED
DISMISSED AS TO APPELLANT.