TILLIE LINCOLN, APPELLANT, V. STARLING BURTON KNUDSEN,
APPELLEE.

79 N. W. 2d 716

Filed December 14, 1956.   No. 34030.

*Richard A. Dier, Neil R. McCluhan,* and *Kindig & Beebe, for* appellant.

*Luebs & Elson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries by

Tillie Lincoln, plaintiff and appellant, against Starling Burton Knudsen, defendant and appellee. It was tried to a jury in Hall County, Nebraska. At the conclusion of the evidence on behalf of plaintiff, the defendant made a motion for a directed verdict in his behalf which was sustained, whereupon judgment was rendered in his favor. Thereafter a motion for new trial was duly filed. This motion was overruled.

From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The brief contains four assignments of error as grounds for reversal of the judgment, however by them only one question is presented, namely, that of whether or not the evidence of negligence on the part of the defendant was sufficient for submission to a jury for determination. The effect of the judgment of the court was to say that the evidence was insufficient to sustain a right of recovery by plaintiff against the defendant.

The plaintiff as ground for recovery pleaded, to the extent necessary to state herein, that on or about November 29 (1952), she was riding as a passenger in an automobile owned and operated by the defendant in a westerly direction on U. S. Highway No. 30 in Hall County, Nebraska, and that at a point about seven-tenths of a mile west of the city limits of Wood River, Nebraska, the defendant operated the automobile in a negligent manner against an automobile operated by one John A. DeWulf, thus causing injury and damage to the plaintiff. The specifications of negligence are that the defendant failed to operate his automobile in the right or north lane of traffic; that he failed to yield one-half of the traveled portion of the highway to DeWulf; that he failed to maintain control of his own automobile; that he failed to keep a proper lookout; that he failed to yield the right-of-way to DeWulf; and that he operated his automobile at a high and excessive rate of speed. To the extent necessary to state it here the answer denied the allegations of the petition.

To support the allegations of her petition the plaintiff adduced evidence as follows: Prior to November 29, 1952, for a period of about 2 weeks, she had been a baby-sitter in the home of defendant for which as compensation, but without any agreement as to the rate, she was paid $8 a week. The plaintiff talked with the wife of defendant about a proposed trip to Kearney, Nebraska, to visit her son. The wife of defendant discussed with the plaintiff the prospect of the defendant taking plaintiff to Kearney, Nebraska, and stated or suggested that if the trip was made that plaintiff would not be paid for 1 week of service. The defendant was not a witness to the conversation and there is no evidence that he knew of it or that he ever assented to the proposal. There is no evidence of any agreement or arrangement between plaintiff and defendant covering a trip to Kearney, Nebraska.

After this conversation and early in the morning on November 29, 1952, the parties to the action, together with the wife of defendant and his two children, started on their trip to Kearney, Nebraska. The trip was without unusual incident until after they had passed through Wood River. The weather was fair. West of Wood River the paved highway was clean, straight, and level. On the shoulders there was snow.

John A. DeWulf, also referred to in the testimony as John E. DeWolf, was coming from the west in his automobile on his right side of the highway at a speed of from 55 to 60 miles an hour. He was followed by another automobile. The automobile which was following passed and pulled back into the lane ahead of DeWulf. About that time DeWulf saw an automobile which was headed west on the north shoulder of the highway about 200 yards to the east. This was the automobile of the defendant. The automobile of defendant came off the shoulder back onto the highway and into the path of DeWulf where it was struck by the automobile of DeWulf. The front end of DeWulf's automobile struck

defendant's automobile on its right side. It was this collision which produced the injuries and damages of which the plaintiff complains. Before the collision De-Wulf applied his brakes but was unable to avoid striking defendant's automobile.

Evidence of a Nebraska Safety Patrolman disclosed skid marks made by DeWulf's automobile. They extended 50 feet west of the scene of the collision. They were all south of the center line of the highway. The defendant's automobile left the paving and went onto the north shoulder 136 feet east of the scene of the collision, traveled on the shoulder for 80 feet, and then came back on and across the highway to the point of the collision.

There is no direct evidence to that effect, but it appears inferentially and quite conclusively that the defendant left the paving and went onto the shoulder to avoid a collision with the automobile coming from the west which passed DeWulf. There is no explanation in the record as to the reason why the defendant in his return to the paving crossed the center line and into the path of DeWulf's automobile.

What has been said here, it is believed, fairly reflects essentially the pleadings and the evidence at the time the motion for directed verdict was made.

Thereafter but before the ruling was made, the plaintiff was allowed to and did amend the petition. By the petition as amended it was charged that the negligence complained of was gross.

After the petition was amended two theories of recovery were presented for consideration. The effect of the motion for directed verdict was to say that neither theory was sustained by the evidence.

The first theory is that the plaintiff was a passenger for hire in defendant's automobile and in consequence of this she was entitled to recover on proof of ordinary negligence. She contends that the evidence was sufficient in proof of ordinary negligence for submission to a jury.

The other theory is that, assuming that she was not a passenger for hire but was a guest within the meaning of section 39-740, R. R. S. 1943, the evidence was sufficient for submission to a jury for the reason that it was adequate as proof of gross negligence within the meaning of that section.

The defendant insists that the evidence is insufficient for submission to a jury upon either theory.

A rule to be observed in an approach to the determination of the questions presented by this appeal, which is so well settled that no citation is required to support it, is that a motion for directed verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is made, and such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can reasonably be deduced from the evidence.

Reverting now to the question of whether or not there is evidence to sustain the first theory it must be said that there is no evidence to support a finding that there was any agreement or understanding that the plaintiff was being transported to Kearney, Nebraska, for hire within the meaning of section 39-740, R. R. S. 1943.

The plaintiff theorizes in effect, as we interpret, that the services performed and to be performed by plaintiff for defendant and his wife were necessaries of life for which the wife could contract and by so contracting obligate the defendant to pay for them, and further that she could and in this instance did without defendant's knowledge contract also the manner of payment which was the transportation of plaintiff for hire to Kearney, Nebraska.

To support the theory plaintiff cites section 42-201, R. R. S. 1943; 26 Am. Jur., Husband and Wife, § 388, p. 987; 41 C. J. S., Husband and Wife, § 62, p. 531; In re White's Estate, 150 Neb. 167, 33 N. W. 2d 470; Mooney v. McMahon, 83 N. J. L. 120, 83 A. 504. In these cited

cases and texts nothing is found to support the theory and we have found nothing to support it.

The cited statute is limited to a declaration of the liability of a wife for the necessaries of life for the family. The cases and the texts point out that the husband is liable for the necessaries of life of the family and measurably define what are necessaries of life. They do not declare a principle the effect of which is to say that a husband is bound without his assent to a contract made by the wife related to a subject other than necessaries of life.

The evidence showed that the plaintiff was a passenger in defendant's automobile. There was no competent evidence to show that she was other than a "passenger or person riding in such motor vehicle as a guest or by invitation and not for hire."

An essential element necessary to be proved to entitle plaintiff to have a recovery from the defendant on proof of negligence less than gross was that she was a passenger for hire. The restriction of section 39-740, R. R. S. 1943, by its terms makes this so. This became an element of proof necessary for recovery under this theory by reason of the fact that it was made by the statute or in other words the substantive law of the case.

The applicable definitive principle is the following: "The burden of proof means the duty resting on one party or the other to establish by a preponderance of the evidence an issue essential to his recovery. In this sense the burden of proof never shifts nor changes but remains from the first to the last where it is placed by the pleadings or the substantive law of the case." Kucaba v. Kucaba, 146 Neb. 116, 18 N. W. 2d 645. See, also, Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531.

It becomes apparent therefore that the court did not err in its conclusion that the evidence of plaintiff failed to sustain a cause of action on her first theory.

The question of whether or not the evidence of plaintiff was sufficient for submission to a jury on the second

theory must be determined in a manner agreeable to the following statement of principle: "Ordinarily the question of gross negligence is one of fact for a jury, but if the evidence respecting it is not in conflict or is so conclusive that ordinary minds may not draw different conclusions therefrom the question is one of law for the court." Johnson v. Jastram, 155 Neb. 376, 52 N. W. 2d 245. See, also, Pavlicek v. Cacak, 155 Neb. 454, 52 N. W. 2d 310; Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184; Cunning v. Knott, 157 Neb. 170, 59 N. W. 2d 180; Ottersberg v. Holz, 159 Neb. 239, 66 N. W. 2d 571.

The court has said: "Gross negligence within the meaning of section 39-740, R. S. 1943, means great or excessive negligence. It indicates the absence of slight care in the performance of a duty." Johnson v. Jastram, *supra.* See, also, Pavlicek v. Cacak, *supra.*

The evidence upon which this court must determine whether or not the case should have been submitted has been fully and fairly summarized and it will not be repeated.

This evidence does not directly disclose the reason why the defendant left the paving and drove onto the shoulder to the north, however, the only reasonable inference to be drawn is that it was to avoid a collision with the automobile which passed DeWulf. In such a movement no negligence by defendant was involved or claimed.

If there was evidence of gross negligence it was in the return and what immediately followed. A reasonable inference and the only one favorable to plaintiff, we think, is that the defendant by some type of inadvertence lost control of his automobile and that because thereof it crossed over into the path of DeWulf's automobile. Within the meaning of the decisions of this court interpreting and applying section 39-740, R. R. S. 1943, a large number of which have been reviewed in Born v. Estate of Matzner, 159 Neb. 169, 65 N. W.

2d 593, this was not evidence of gross negligence sufficient for submission to a jury.

This being true the trial court did not err in sustaining the motion for directed verdict as regards the theory contained in the petition as amended.

The judgment of the district court is affirmed.

AFFIRMED.