LEROY HOLLIDAY, APPELLANT, v. EDWIN L. PATCHEN, APPELLEE.

81 N. W. 2d 593

Filed March 8, 1957. No. 34096.

*Sam S. Diedrichs,* for appellant.

*Beatty, Clarke, Murphy & Morgan, Donald W. Pederson,* and *Frank E. Piccolo, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by the plaintiff, LeRoy Holliday, against the defendant, Edwin L. Patchen, to recover for personal injuries sustained by the plaintiff while he was a guest in the defendant's automobile. The jury returned a verdict for the plaintiff for $11,654.64. The trial court thereafter sustained defendant's motion for a judgment notwithstanding the verdict. The plaintiff appeals.

The accident occurred on January 7, 1954, on a county road between Dickens and North Platte in Lincoln County, after dark at about 7 p.m. The road was graveled and dry. The accident happened near a bridge, the defendant's automobile going off the road and turning over after crossing the bridge. The bridge was 24 feet wide and 8 feet in length. The center of the bridge was from 12 to 18 inches higher than the road on either end of it. The evidence shows that the road turned to the left at the east end of the bridge, but as one approached it from the west the road appeared to continue on straight east. The road turned left at the east end of the bridge around a ditch or slough, and returned to the section line a short distance beyond the east end of the bridge. The curve could not be observed until one was close to the bridge, which resulted in the illusion that the road continued on due east. Defendant was not familiar with the road upon which he was driving and did not know about the curve at the east end of the bridge.

The defendant lived on a farm a few miles south of North Platte. The plaintiff, during the forenoon of January 7, 1954, was assisting defendant in pouring a cement floor in the basement of his farmhouse. The plaintiff came to work with one Bud McKillip in the latter's pickup truck, the plaintiff doing the driving. McKillip was incapacitated and was not able to operate a motor vehicle. An understanding was reached whereby plaintiff and defendant would take McKillip and his pickup truck to McKillip's home in Hayes Center during the afternoon and return in the defendant's automobile. They were returning from this trip at the time the accident occurred. The defendant was driving and plaintiff was occupying the right front seat. Two small children of the defendant were riding in the rear seat. There is a dispute in the evidence as to when it got dark. Both parties testified, however, that it was dark at the time of the accident and that the headlights were burning at

that time. Plaintiff testified that the dimmed headlights were being used because a defective switch prevented the use of the bright lights. Plaintiff stated that the range of the lights was about 30 feet; the defendant said 40 to 50 yards. There is no evidence of any complaint being made by the plaintiff because of the lights.

The road west of the bridge where the accident occurred was straight and level. Plaintiff testified that they approached the bridge at a speed of 60 or 70 miles per hour. The defendant said it was 45 to 50 miles per hour. The two small children in the rear seat had become tired and fussy. As they approached the bridge, defendant turned to quiet them, keeping one hand on the steering wheel. As he turned back he saw the curve for the first time. He failed to make the turn, the car skidding approximately 90 feet and rolling over into the ditch on the south side of the road.

In determining the correctness of the trial court's order sustaining the motion of defendant for a judgment notwithstanding the verdict, the plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466. We shall consider the evidence in accordance with this rule.

The evidence shows that McKillip was a friend of the plaintiff of long standing. The trip to Hayes Center, during which the accident occurred, was an accommodation to and for the benefit of McKillip. The defendant received no benefit other than to accommodate the plaintiff's friend McKillip. There is no evidence disputing this fact. The plaintiff was therefore a guest of the defendant at the time of the accident and the trial court properly so held as a matter of law. Born v. Estate of Matzner, 159 Neb. 169, 65 N. W. 2d 593; Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184.

The evidence most favorably considered in plaintiff's favor reveals the following situation: Plaintiff was rid-

ing with the defendant as his guest. Defendant was driving east on a graveled county road which was straight and level at a speed of 60 to 70 miles per hour. It was after dark and defendant was using his dimmed lights. No complaints as to defendant's driving were made during this portion of the trip, except that plaintiff said the road was crooked and that defendant would have to drive slower. As the defendant's automobile approached the bridge, the road appeared to continue on in a due easterly direction. Shortly before crossing the bridge, defendant turned in the seat to quiet the two small children, taking one hand from the steering wheel. As he turned back he discovered the curve just beyond the bridge which he had not previously seen because of the height of the bridge as compared with the road at each end of it. The plaintiff shouted a warning just as they entered upon the bridge. Defendant's car skidded into the south ditch and rolled over when he failed to negotiate the turn. Does such a state of facts raise a question of gross negligence? We think not.

For a guest to recover damages from a host for injuries received while riding in an automobile operated by the host he must prove by a preponderance of the evidence the gross negligence relied upon and that it was the proximate cause of the accident. When the evidence is resolved most favorably toward the existence of gross negligence and the facts thus determined, the question of its existence is one of law for the court. Calvert v. Miller, 163 Neb. 501, 80 N. W. 2d 123.

Gross negligence within the meaning of the motor vehicle guest statute has been defined by this court as great and excessive negligence or negligence in a very high degree. It indicates the absence of slight care in the performance of a duty. Lincoln v. Knudsen, 163 Neb. 390, 79 N. W. 2d 716. The violation of traffic regulations concerning the speed and manner of operating a motor vehicle on the highway is not negligence of any kind or degree as a matter of law, but it is a fact to be

considered with other evidence in the case in deciding an issue of negligence. Born v. Estate of Matzner, *supra.* It appears therefore that the primary question to be determined in the present case is whether or not the defendant's momentary inattention to his driving when he turned to quiet his children, together with the other evidence and circumstances shown by the record, is sufficient to raise a question of gross negligence for the jury's consideration. We think the result is controlled by the following decisions of this court: Ottersberg v. Holz, 159 Neb. 239, 66 N. W. 2d 571, where the host driver's attention was momentarily diverted when he reached for his 10-month-old grandchild who had fallen from the front seat to the floor of the car; Johnson v. Jastram, 155 Neb. 376, 52 N. W. 2d 245, where the host driver momentarily removed his right hand from the steering wheel and his eyes from the road to strike at a wasp upon his person; Gohlinghorst v. Ruess, 146 Neb. 470, 20 N. W. 2d 381, where the host's operator momentarily had one hand off of the steering wheel while eating lunch; Black v. Neill, 134 Neb. 764, 279 N. W. 471, where the host driver turned his head to the left and pointed out a tree which had blown down upon a porch; and Lemon v. Hoffmark, 132 Neb. 421, 272 N. W. 214, where the driver of the automobile momentarily took one hand from the wheel and her eyes from the road while reaching for a sandwich from an occupant of the rear seat. Gross negligence was held not to exist in any of the foregoing decisions. Under the holding of these cases we conclude that the defendant in the present case was not guilty of gross negligence in momentarily taking one hand from the steering wheel in turning to quiet his two minor children who were riding in the rear seat. The rule is summarized in Johnson v. Jastram, *supra,* as follows: "This court has repeatedly held that momentary inattention such as is described in the evidence in this case does not amount to gross negligence. This is true even where the inattention is purely

voluntary and is in nowise induced or contributed to by a distracting influence."

The plaintiff contends that warnings given which were not heeded by the defendant were sufficient to warrant the submission of gross negligence to the jury. There is evidence of a warning as to a sharp curve at the base of a high hill on the road between Hayes Center and Dickens. The record is clear that defendant heeded the warning and slowed down materially, and made the turn in complete safety. This is not evidence of gross negligence. If anything, it is evidence that defendant used due care by heeding the warning of the guest.

Plaintiff testified that he warned the defendant of the curve as they aproached the bridge and he was able to observe the curve. The evidence shows that it was then too late to avoid the accident. The rule is: A warning given in ample time to permit the host a reasonable opportunity to avoid an accident may be sufficient to raise an issue of fact as to gross negligence. But where a warning is given at such a time as not to afford the host a reasonable opportunity to avoid the accident, it cannot have any such effect. Kiser v. Christensen, 163 Neb. 155, 78 N. W. 2d 823.

We conclude that there was no evidence in the present case that the defendant was heedless of the safety of those riding with him, or that he was guilty of negligence of a very high degree, or that his conduct indicated the absence of slight care. The trial court should have sustained defendant's motion to direct a verdict for him at the close of the evidence. Consequently the trial court properly sustained defendant's motion for a judgment notwithstanding the verdict.

AFFIRMED.