MARY JANE GUSTASON, A MINOR, BY AND THROUGH JAMES GUSTASON, HER FATHER AND NEXT FRIEND, APPELLANT, V. SALLY VERNON, APPELLEE.

87 N. W. 2d 395

Filed January 10, 1958. No. 34247.

*Mathews, Kelly & Stone* and *Martin A. Cannon, Jr.,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Mary Jane Gustason, a minor, brought this action by her father and next friend, seeking damages alleged to have been proximately caused by gross negligence of defendant, Sally Vernon, while she was driving a car in which plaintiff was a guest passenger. Plaintiff's petition contained two causes of action. The first

sought damages for personal injuries suffered by plaintiff. The second sought recovery upon a claim for medical and dental expenses which plaintiff's father had duly assigned to plaintiff. Plaintiff's petition alleged in substance that defendant was guilty of gross negligence because, while driving an automobile north on Twenty-fifth Street in Omaha: (1) She abandoned control of the car by turning around facing the rear while the car was in motion; (2) she purposely ceased to maintain a lookout ahead; and (3) she permitted the car to roll uncontrolled into another car parked on the left side of the street. Defendant, for answer, admitted that an accident occurred at about the time and place alleged, causing some injury to plaintiff, but denied that defendant was guilty of gross negligence in any respect as alleged by plaintiff.

The cause was tried to a jury, whereat defendant's motions to dismiss or direct a verdict for want of sufficient evidence to establish gross negligence made at conclusion of plaintiff's evidence and at conclusion of all the evidence, were overruled. Thereafter, upon submission of the issues to the jury it returned a verdict awarding plaintiff $6,000 on her first cause of action and $241 on her second cause of action. A judgment was accordingly rendered thereon. No motion for new trial was filed by defendant, but she did file a motion to set aside the verdict and judgment and for judgment notwithstanding the verdict, which was sustained, and plaintiff appealed, assigning that the trial court erred in so doing. We sustain the assignment.

The sole question presented here is whether or not the evidence adduced was sufficient to require submission of the issue of gross negligence to the jury for its determination. We conclude that it was.

In Holliday v. Patchen, 164 Neb. 53, 81 N. W. 2d 593, we held: "When a trial court sustains a motion for judgment notwithstanding the verdict, the party against whom it is sustained is entitled on appeal to have every

controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence.

"Gross negligence within the meaning of the motor vehicle guest statute is great and excessive negligence or negligence in a very high degree. It indicates the absence of slight care in the performance of a duty.

"For a guest to recover damages from a host for injuries received while riding in an automobile operated by the host, he must prove by a preponderance of the evidence the gross negligence relied upon, and that it was the proximate cause of the accident.

"When the evidence is resolved most favorably toward the existence of gross negligence and the facts thus determined, the question of whether or not they support a finding of gross negligence is one of law.

"Momentary inattention in the operation of a motor vehicle does not ordinarily amount to gross negligence. This is true even where such inattention is voluntary and in no manner induced by a distracting influence." The opinion therein cited and discussed several guest cases upon which defendant relies, but, as hereinafter observed, they are all distinguishable upon the facts.

As held in Pavlicek v. Cacak, 155 Neb. 454, 52 N. W. 2d 310: "In an action for gross negligence under the automobile guest statute * * * where there is proof of negligence, a verdict should be directed for defendant only where the court can clearly say that it fails to approach the level of negligence in a very high degree under the circumstances. In all other cases, it must be left to the jury to determine whether it amounts to gross negligence or to mere ordinary negligence.

"The question of the existence of gross negligence must be determined from the facts and circumstances in each case." See, also, Bishop v. Schofield, 156 Neb. 830, 57 N. W. 2d 207.

In Black v. Neill, 134 Neb. 764, 279 N. W. 471, quoting with approval from Lemon v. Hoffmark, 132 Neb. 421,

272 N. W. 214, this court said: " 'It is true that it is not necessary, in order to show gross negligence, to prove several acts of negligence; that is, a continuous course of negligent conduct, * * * or protests on the part of the guest to the driver at and prior to the time of the accident.

" 'It is also true that gross negligence may consist, in some cases, in turning the head or taking the eyes off the road, but all the conditions and circumstances in existence at the time of the commission of the alleged grossly negligent acts are to be taken into consideration.' "

As stated in 4 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 2327, p. 421, citing Larson v. Storm, 137 Neb. 420, 289 N. W. 792, and other authorities: "The continued or protracted failure of the operator to maintain a proper lookout along the road ahead of his vehicle may constitute gross negligence." See, also, § 2327, p. 422, citing Black v. Neill, *supra,* and other authorities.

This court has recently reaffirmed that: "Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has the right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Ziemba v. Zeller, *ante* p. 419, 86 N. W. 2d 190.

It is elementary that the driver of a car cannot assume that his car will keep on the road without his attention and guidance. In the light of the foregoing authorities, we conclude also that a failure to give his car such attention and guidance may be gross negligence if defendant driver knew, as in the case at bar, that the steering gear of her car was loose and required continuous attention and guidance in order to prevent it from veering, but by reason of mere curiosity she voluntarily and intentionally failed to keep a proper lookout and give her car continuous attention and guidance for some 4 seconds, which proximately caused it to veer

up and across to the opposite side of the street or highway and collide with a parked car.

In the light of such rules and conclusions, we have examined the record which discloses competent pertinent evidence from which it could be reasonably concluded as follows: The accident occurred on September 9, 1955, at about 8:41 p. m., in about the middle of the block north of M Street on Twenty-fifth Street in Omaha. The weather was clear. The paved street was well lighted. It was 55 feet wide and its lanes of travel were slightly upgrade toward the north. Quite a number of cars were parked at the curb on both the east and west sides of Twenty-fifth Street. Defendant was driving her father's car toward the north on Twenty-fifth Street at about 15 to 20 miles an hour in about the middle of the two east lanes for northbound traffic. No other car was moving either north or south on the street at the time of the accident. Defendant knew that the steering gear or wheel of her car was loose and required continuous attention and guidance in order to drive it straight and keep it from veering in the street. She was a good driver. Nevertheless, she voluntarily turned around and looked to the rear for some 4 seconds out of curiosity and intentionally in order to surprise plaintiff and play a joke upon her, in conformity with a prearranged plan, whereupon defendant's car, traveling along the street, out of control, veered to the left, clear across the street, where it collided with another car parked on the west side of the street. Plaintiff was thereby injured when she was thrown into the dashboard of defendant's car. The extent of her injuries is not involved herein. Defendant testified that she kept her hands on the steering wheel of the car while looking to the rear, but she was unable to say whether she subconsciously turned the wheel to the left or whether the car naturally veered to the left because the steering gear was loose.

There were other preceding relevant facts and events

which support the foregoing conclusions. In that connection, plaintiff was 18 years old and defendant was 20 years old at the time of the trial. They were friends, as were also two other young ladies called Margie and Shirley. Plaintiff and Shirley were employed in South Omaha where they got off duty about 8:30 p. m. on September 9, 1955. Defendant had a steady boy friend who was an airman at Offutt Air Force Base. He will be called Ed.

On September 9, 1955, defendant was given permission to drive her father's car. At about 6 or 6:30 p. m. she left her home and drove the car to Margie's home in Omaha. There she picked up Margie and drove to Offutt Air Force Base where they picked up Ed. From that point, defendant drove to a drive-in where they spent about half an hour obtaining food. Thence they drove to South Omaha and parked near the place where plaintiff and Shirley were employed. There defendant sent Margie in such place of employment to advise plaintiff and Shirley that defendant was out in front with her car and would take them home. Both accepted, and when they got off duty both entered defendant's car. Plaintiff sat in the middle of the front seat next to defendant and Shirley sat on plaintiff's right. However, the car did not reveal all of its occupants. By the time plaintiff and Shirley arrived, Ed was hidden down on the car's rear floor, back of defendant driver's seat, while Margie sat on the left side of the back seat in such manner as to hide Ed from view. Somehow, Shirley learned that Ed was in the car but plaintiff did not.

Previously, plaintiff and Shirley had been told that defendant had broken up her steady friendship with Ed. Thus, sometime before their arrival in South Omaha, defendant, Ed, and Margie had formulated and agreed upon a plan to surprise plaintiff and Shirley and play a joke upon them by so hiding Ed in the car until it had proceeded some distance along the street, at which

time defendant was to call out, " 'the cops are coming,' " or " 'Look you kids, the cops are coming,' " whereupon they would turn around and look to the rear and Ed would rise up from the floor into view.

Such plan was executed when defendant gave the agreed signal and turned to look to the rear for some 4 seconds, as did plaintiff and Shirley, while Ed rose up and surprised plaintiff. In the meantime, however, defendant's car, traveling 15 to 20 miles an hour and free of control, veered to the left toward the northwest, where it collided with a parked car at the west curb just as defendant turned back to the front to give her car proper attention and guidance.

We conclude that the evidence was amply sufficient to sustain a finding that defendant was guilty of gross negligence. Therefore, such issue was for determination by the jury, and the trial court erred in sustaining defendant's motion for judgment notwithstanding the verdict and judgment. The judgment should be and hereby is reversed and the cause is remanded with directions to overrule defendant's motion for judgment notwithstanding the verdict, and to reinstate the verdict and judgment in favor of plaintiff. All costs are taxed to defendant.

REVERSED AND REMANDED WITH DIRECTIONS.