| EXHIBIT NO. | DESCRIPTION | LOCATION | MEANS |
|---|---|---|---|
| 14 | 2 Brown bottles labeled "cocaine hydrochloride" | Hall closet | " |
| 15 | " | " | " |
| 16 | Brown scale | " | " |
| 17 | Triple beam scale | " | " |
| 18 | Screen separator and sifter | Box on fireplace mantel | " |
| 19 | 210 clear plastic bags | " | " |
| 20 | Funnel and separator system | Hall closet | House search |
| 21 | Sifter and funnel | Kitchen closet | " |
| 22 | Ohaus scale | Auto trunk | Auto search |
| 23 | 3 Bottles labeled "cocaine hydrochloride" | " | " |
| 24 | Envelope bearing financial notations | Top of desk in residence | House search |
| 25 | 2 Pieces of paper bearing financial notations | " | " |
| 26 | Personal checkbook | Case on living room couch | " |
| 27 | Patient profile on Leichtling | Rock Road Pharmacy | Rock Road Pharmacy |
| 30 | Prescriptions for cocaine hydrochloride | " | " |
| 32 | Prescriptions for Methaqualone | DeSoto Pharmacy | DeSoto Pharmacy |

Craig E. ARTHUR, Appellant,

v.

Traci K. ARTHUR and her father, Charles E. Arthur, Appellees.

No. 82–1017.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1982.

Decided July 20, 1982.

Before LAY, Chief Judge, FAIRCHILD,* Senior Circuit Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

Craig Arthur appeals the trial court's refusal to submit to the jury the issue of gross negligence under the then existing Nebraska guest statute[1] in his personal injury action. We reverse and remand the case to the district court for retrial.

*Facts.*

On the evening of August 21, 1979, Traci Arthur, her cousins, Craig Arthur and Deanne Reed, and another teenager were riding in a car Traci's father had given her to take to college. They purchased a case of beer and Traci drank four or five cans of beer in the three hours preceding the accident.

Traci drove to the end of a street and made a u-turn. After making the turn, she was driving approximately 20 m.p.h. when she turned to address Deanne who was in the back seat. Someone shouted and Traci turned and saw a light pole approximately ten feet in front of the car. The pole was on the left side of the road. There was some evidence indicating Traci attempted to brake, but placed her foot on the accelerator. The car hit the pole and Craig was injured.

Craig sued Traci in federal district court.[2] The action was governed by the Nebraska guest statute which provided:

The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of such motor vehicle being under the influence of intoxicating liquor

Robert P. Chaloupka of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, Scottsbluff, Neb., for appellant, Craig Arthur.

Gary L. Scritsmier of Kelley, Wallace, Scritsmier, Moore, Romatzke & Byrne, P. C., North Platte, Neb., for appellee, Traci K. Arthur.

---

* Thomas E. Fairchild, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The statute was amended effective August 30, 1981, to apply only to guests related to the

owner or operator. Neb.Rev.Stat. 39–6,191 and 39–6,191.01 (Supp.1981).

2. Craig was a citizen of California and was, at the time of the accident, visiting Traci in Nebraska.

or because of the gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, but shall not be construed to apply to or include any such passenger in a motor vehicle being demonstrated to such passenger as a prospective purchaser.

Neb.Rev.Stat. § 39–6, 191 (1978).

A pathologist testified that a person of Traci's height and weight who consumed four or five cans of beer in three hours would be influenced by the alcohol. He stated that such a person would have .04 to .07 blood alcohol content (.1 is commonly considered the level of intoxication). A deputy sheriff testified that a calculation based on distance and approximate speed indicated that eight seconds elapsed between the completion of the turn and contact with the pole.

After the completion of plaintiff's case, defendant moved for a directed verdict. Chief Judge Warren K. Urbom granted a directed verdict in favor of defendant on the issue of gross negligence. Judge Urbom then instructed the jury that, in order to prevail, plaintiff had to prove that defendant was under the influence of intoxicating liquor and, as a result, guilty of ordinary negligence and that defendant's negligence caused the accident. Judge Urbom also instructed the jury on the elements of the defenses of assumption of risk and contributory negligence and on the law of comparative negligence. The jury returned a verdict for defendant. Plaintiff now appeals, challenging only the propriety of the directed verdict on the gross negligence issue.

*Issue.*

In *Olson v. Shellington*, 167 Neb. 564, 94 N.W.2d 20, 25 (1959), the Nebraska Supreme Court wrote, "Gross negligence within the meaning of the motor vehicle guest statute means gross and excessive negligence or negligence in a very high degree. It indicates the absence of slight care in the

performance of duty." Gross negligence has not been and cannot be defined in a manner which allows mechanical classification of situations into those involving and not involving gross negligence. In *Thompson v. Edler*, 138 Neb. 179, 292 N.W. 236 (1940), the Nebraska Supreme Court wrote:

It must be borne in mind, always, that no decision on gross negligence can constitute an absolute precedent in any other case. Each case necessarily differs somewhat in its particular facts and circumstances, and in the composite which results from them. A dissection of the individual facts may, therefore, be misleading, because in the attempted segregation, part of their real significance may become lost. While it may be regrettable that no perfect yardstick for measuring gross negligence has ever been devised, the numerous decisions, which the guest statutes have produced, seem rather clearly to demonstrate that this is as close as it is possible to come to a judicial solution.

*Id.*, 292 N.W. at 239.

■ In reviewing a motion for a directed verdict, a trial court must resolve all issues of disputed fact in favor of the nonmoving party as well as giving such party the benefit of all reasonable inferences from the evidence. *Davis v. Spindler*, 156 Neb. 276, 56 N.W.2d 107, 111 (1952). In a case governed by the guest statute, a trial court should not direct a verdict for the defendant on the gross negligence issue unless the court can definitely determine that the evidence does not reveal the existence of a high degree of negligence. *See Montgomery v. Ross*, 156 Neb. 875, 58 N.W.2d 340, 342 (1953); *Komma v. Kreifels*, 144 Neb. 745, 14 N.W.2d 591, 595 (1944); *Thompson v. Edler*, 138 Neb. 179, 292 N.W. 236, 239 (1940).

■ The conjunction of several types of ordinary negligence may constitute gross negligence. *Liston v. Bradshaw*, 202 Neb. 272, 275 N.W.2d 59, 62–63 (1979); *Olson v. Shellington*, 167 Neb. 564, 94 N.W.2d 20, 26–27 (1959). In this case, plaintiff offered evidence of several types of negligence in-

cluding driving while under the influence of alcohol and failure to maintain a proper lookout.

■ Along with other forms of negligence or alone, driving after having consumed intoxicating liquor may constitute gross negligence. *See Carley v. Meinke*, 181 Neb. 648, 150 N.W.2d 256, 260 (1967); *O'Neill v. Henke*, 167 Neb. 631, 94 N.W.2d 322, 330 (1959); *Cunning v. Knott*, 157 Neb. 170, 59 N.W.2d 180, 183 (1953); *Kaufman v. Tripple*, 180 Neb. 593, 144 N.W.2d 201, 205 (1966). In *Cunning*, the Nebraska Supreme Court observed:

> There is no contention here that defendant was driving under the influence of intoxicating liquor within the meaning of section 39–740, R.R.S.1943. The evidence as to his drinking intoxicants, however, is a circumstance to be considered in determining whether defendant was guilty of gross negligence. *See Howard v. Gerjevic*, 128 Neb. 795, 260 N.W. 273.

*Id.*, 59 N.W.2d at 183.

In *O'Neill*, the Nebraska Supreme Court held that evidence sufficient to take the case to the jury on the issue of driving while under the influence was also necessarily sufficient to take the case to the jury on the issue of gross negligence. "It necessarily follows that evidence sufficient to take a case to the jury on the ground of liability for driving while under the influence of intoxicating liquor is sufficient to take the case to the jury when that element is pleaded as gross negligence." *Id.*, 94 N.W.2d at 330. Under these decisions, the district court should have allowed the case to go to the jury on both theories.[3]

■ Repeated or protracted failure to maintain a proper lookout may also constitute gross negligence. In *Gustason v. Vernon*, 165 Neb. 745, 87 N.W.2d 395 (1958), the Nebraska Supreme Court ruled that the trial court properly submitted the gross negligence issue to the jury when evidence revealed the defendant had looked into the back seat for four seconds while traveling 15–20 m.p.h. The only significant fact distinguishing *Gustason* from this case is that the defendant in *Gustason* knew her car had a loose steering gear. In *Berg v. Rasmuss*, 176 Neb. 340, 125 N.W.2d 905, 908 (1964), the supreme court stated that it was a question of fact whether defendant's attempts to kiss his sleeping passenger constituted gross negligence. *See also* 5 D. Blashfield, Automobile Law and Practice § 213.28, at 205–207 (F. Lewis 3d ed. 1966).

However, as the Nebraska Supreme Court stated in *Johnson v. Jastram*, 155 Neb. 376, 52 N.W.2d 245, 247 (1952), "This court has repeatedly held that momentary inattention such as is described in the evidence in this case does not amount to gross negligence. This is true even where the inattention is purely voluntary and is in nowise induced or contributed to by a distracting influence." *See, e.g., Holliday v. Patchen*, 164 Neb. 53, 81 N.W.2d 593 (1957) (turn to quiet children in back seat); *Ottersberg v. Holz*, 159 Neb. 239, 66 N.W.2d 571 (1954) (pick up grandchild from floor); *Gohlinghorst v. Ruess*, 146 Neb. 470, 20 N.W.2d 381 (1945) (look at cookies on seat).

The evidence is subject to conflicting inferences concerning the amount of time during which Traci diverted her eyes from the road. Plaintiff argues Traci looked into the back seat immediately after completing the u-turn and did not resume a proper lookout until just before the car hit the pole, a period amounting to nearly eight seconds. It is urged that while Traci's eyes were diverted, her car traveled 255 feet. Defendant cites evidence indicating the period was shorter than eight seconds, but the exact length of the period is an open question of fact. Reasonable minds might have found that the diversion was sufficiently protracted to constitute gross negligence. In combination, the evidence of driving af-

---

3. We again urge trial courts to follow the preferred practice of generally submitting all issues to the jury in negligence cases and then, if plaintiff receives a favorable verdict and the court still believes the evidence is insufficient to support a verdict, courts may issue a judgment notwithstanding the verdict. *See Passwaters v. General Motors Corp.*, 454 F.2d 1270, 1272–73 (8th Cir. 1972); 5A J. Moore, Moore's Federal Practice ¶ 50.05[3] (2d ed. 1982).

ter drinking intoxicating liquor and failure to maintain a proper lookout was sufficient to make the question of gross negligence a question for the jury.

■ We reverse and remand the case to the trial court for retrial of the gross negligence issue. On retrial, the jury may consider defendant's consumption of intoxicating liquor as evidence of gross negligence. However, plaintiff may no longer assert that defendant's operation of the vehicle while under the influence of intoxicating liquor constitutes an independent statutory basis of recovery since a jury has already rejected this claim.[4]

**4.** The jury's verdict does not entirely remove the issue of consumption of intoxicating liquor from the case. Because the jury returned a general verdict, we cannot determine if they found that defendant was not under the influence of intoxicating liquor, being under the influence did not cause defendant's ordinary negligence, defendant was not negligent, or defendant's negligence did not cause the accident. The jury may also have adopted one of defendant's defenses which may not be a defense to a claim of gross negligence.